FILED
CLERK, U.S. DISTRICT COURT
JUL 25 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHEELER, | NO. CV 12-5767-GHK(E) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| ROBERT TRIMBLE, Warden, | |
| Respondent. | |

On July 3, 2012, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition"). The Petition challenges Petitioner's 1985 Los Angeles Superior Court conviction and/or sentence (Petition at 2). Petitioner previously challenged this same conviction and/or sentence in a habeas petition filed in this Court in 1998. See Wheeler v. Carey, CV 98-2304-WJR(E) ("the prior habeas action"). On September 30, 1998, the Magistrate Judge issued a report and recommendation in the prior habeas action, recommending denial and dismissal of the petition with prejudice as untimely. On October 26, 1998, the District Judge filed an order adopting the report and recommendation in the prior habeas action.

1  On October 29, 1998, the Court entered Judgment in the prior habeas
2  action, denying and dismissing the petition with prejudice.
3
4      The Court must dismiss the present Petition in accordance with
5  28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
6  Effective Death Penalty Act of 1996"). Section 2244(b) requires that
7  a petitioner seeking to file a "second or successive" habeas petition
8  first obtain authorization from the court of appeals. See Burton v.
9  Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
10 authorization from Court of Appeal before filing second or successive
11 petition, "the District Court was without jurisdiction to entertain
12 [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
13 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
14 requires the permission of the court of appeals before 'a second or
15 successive habeas application under § 2254' may be commenced"); Miles
16 v. Mendoza-Powers, 2007 WL 4523987, at *2-3 (E.D. Cal. Dec. 19, 2007)
17 (subsequent petition alleging different claims but challenging the
18 same judgment challenged in a prior habeas petition is "second or
19 successive"). The dismissal of a habeas petition as barred by the
20 statute of limitations "constitutes an adjudication on the merits that
21 renders future petitions under § 2254 challenging the same conviction
22 'second or successive' petitions under § 2244(b)." McNabb v. Yates,
23 576 F.3d 1028, 1030 (9th Cir. 2009). Petitioner evidently has not yet
24 obtained authorization from the Ninth Circuit Court of Appeals.
25 ///
26 ///
27 ///
28 ///

1  Consequently, this Court cannot entertain the present Petition. <u>See</u>
2  <u>Burton v. Stewart</u>, 549 U.S. at 157.

4     For all of the foregoing reasons, the Petition is denied and
5  dismissed without prejudice.

7     LET JUDGMENT BE ENTERED ACCORDINGLY.

9     DATED: ___7/25___, 2012.

                                    _____
                                          GEORGE H. KING
                                    UNITED STATES DISTRICT JUDGE

16 PRESENTED this 18th day of
17 July, 2012, by:

   _____
        CHARLES F. EICK
   UNITED STATES MAGISTRATE JUDGE